1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7               **FOR THE DISTRICT OF ARIZONA**

8

9    Paul Lyons, et al.,                              No. CV-20-00866-PHX-MTL

10                 Plaintiffs,                         **ORDER**

11   v.

12   William Clancy, et al.,

13                 Defendants.

14

15          Pending before the Court is Plaintiffs' Application for Default Judgment. (Doc. 15).

16   Once a default has been entered and a defendant fails to move to set aside the default, the

17   Court may—at its discretion—grant default judgment under Fed. R. Civ. P. 55(b)(2).

18   *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980).

19          Before entering default judgment, the Court has an affirmative duty to determine

20   whether it has jurisdiction over Defendants. *See Donell v. Keepers*, 835 F. Supp. 2d 871,

21   875 (S.D. Cal. 2011); *see also In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999) ("When entry

22   of judgment is sought against a party who has failed to plead or otherwise defend, a district

23   court has an affirmative duty to look into its jurisdiction over both the subject matter and

24   the parties."). A court should determine whether it has the jurisdictional power to enter a

25   default judgment prior to entering the judgment, because a default entered when there is

26   not jurisdiction "can later be successfully attacked as void." *In re Tuli*, 172 F.3d at 712.

27   Plaintiff bears the burden of showing that the Court has jurisdiction over Defendants. *Rio*

28   *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1019 (9th Cir. 2002).

Here, Plaintiffs have not plead facts sufficient for the Court to determine that each Defendant has at least had "minimum contacts" with this District "such that the exercise of jurisdiction 'does not offend traditional notions of fair play and substantial justice.'" *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 801 (9th Cir. 2004) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Additionally, it is not clear that all parties are diverse, since Plaintiffs do not provide information on the members of Clancy Company PLLC f/ka/ Clancy and Co., P.L.L.C. and their relative states of citizenship. *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("[A]n LLC is a citizen of every state of which its owners/members are citizens.")

Because neither the Complaint (Doc. 1) nor the Application (Doc. 15) sufficiently show that this Court has either subject-matter or personal jurisdiction over all Defendants, the Plaintiffs shall provide supplemental briefing on jurisdiction before the Court moves forward on any default judgment determination.

Accordingly,

**IT IS ORDERED** that Plaintiffs provide supplemental briefing on the Court's ability to exercise jurisdiction over Defendants by Friday, September 4, 2020 at 5:00 pm.

**IT IS FURTHER ORDERED** that any response or reply brief shall be due in accordance with LRCiv. 7.2.

**IT IS FURTHER ORDERED** that any filed supplemental or responsive brief shall accordingly be served on the opposing party.

Dated this 12th day of August, 2020.

_Michael T. Liburdi_
Michael T. Liburdi
United States District Judge

- 2 -