**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Paul Lyons, et al., | No. CV-20-00866-PHX-MTL |
| Plaintiffs, | **ORDER** |
| v. | |
| William Clancy, et al., | |
| Defendants. | |

Before the Court is Plaintiffs Paul and Marilyn Lyons' Motion to Amend Default Judgment Re: Post-Judgment Interest. (Doc. 24.) Plaintiffs move to amend the Court's prior order granting default judgment, pursuant to Rule 59 of the Federal Rules of Civil Procedure,[1] to include an award of post-judgment interest. Defendants have not responded. The Court rules as follows.[2]

**I.**

The Court previously granted Plaintiffs' motion for default judgment against Defendants William and Judith Clancy, Jere Clancy, Ole Gray Mare, LLC, and Clancy Company PLLC. (Doc. 22.) It awarded $126,620 in compensatory damages and $50,000 in punitive damages. The order denied Plaintiffs' motion in all other respects. (*Id.* at 18.) Plaintiffs now assert that the Court "failed to include the applicable interest rate," pursuant to A.R.S. § 44-1201(B), in its prior order. (Doc. 24 at 2.)

---

[1] Plaintiffs also move, alternatively, under Rule 60. (*Id.* at 1.)
[2] The Court believes that oral argument would not significantly aid the decisional process. *See* Fed. R. Civ. P. 78(b) (court may decide motions without oral hearing); LRCiv 7.2(f) (same).

In connection with Plaintiffs' motion for default judgment, and to determine damages under Rule 55(b)(2)(B), the Court ordered Plaintiffs to file a brief indicating the ways in which they intended to "prove damages" and an "assessment of the factors addressed in *Eitel v. McCool*, 782 F.2d 1470, 1471-72 (9th Cir. 1986)." (Doc. 18.) Further, the Court ordered Plaintiffs to "submit a proposed form of judgment, which includes the exact amount of damages Plaintiffs are seeking under each theory of damages. Any damages not included in the proposed judgment will be deemed to be waived." (*Id.*)

Plaintiffs' resulting brief justified the compensatory and punitive damages sought, which the Court ultimately awarded. (Doc. 19 at 3–5.) It included only one passing reference to interest: "[t]here is no doubt that Defendants breached their agreements with Plaintiffs and at a minimum owe Plaintiffs $126,260 plus interest, attorney's fees and costs." (*Id.* at 3.) The proposed judgment included, without justification, an award of "post-judgment interest on the total amount of damages, plus attorney's fees and costs at the rate of 10%." (Doc. 20 at 3.) Plaintiffs provided no authority in support of this request.

## II.

Rule 59(e) provides that a party may move to amend a judgment within 28 days of its entry.[3] Fed. R. Civ. P. 59(e). The Court may amend the judgment if "1) the motion is necessary to correct manifest errors of law or fact upon which the judgment is based; 2) the moving party presents newly discovered or previously unavailable evidence; 3) the motion is necessary to prevent manifest injustice; or 4) there is an intervening change in controlling law." *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003) (italics and quotations omitted). A district court has "considerable discretion" in granting or denying Rule 59(e) motion. *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (citation omitted).

## III.

The Court does not agree with Plaintiffs that it "failed" to include post-judgment interest in the original order. (Doc. 24 at 1.) Plaintiffs carried the burden of proving their

---

[3] Plaintiffs' motion was filed less than 28 days after the Court's January 8, 2021 order, and was therefore timely under Rule 59(e).

- 2 -

requests for relief. *See Bd. of Trustees. of the Boilermaker Vacation Tr. v. Skelly, Inc.*, 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). The entry of default judgment is entirely "within the discretion of the court." *Lau Ah Yew v. Dulles*, 236 F.2d 415, 416 (9th Cir. 1956). The Court also will not "manufacture arguments" for parties. *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994). Plaintiffs did not justify an award of post-judgment interest, and the Court accordingly did not award it. *See Trident Inv. Partners Inc. v. Evans*, No. CV-20-01848-PHX-DWL, 2021 WL 75826, at *10 (D. Ariz. Jan. 8, 2021) ("[Plaintiff] does not provide any justification for its alleged entitlement to post-judgment interest. The Court thus declines to award post-judgment interest.").

Further, Plaintiffs do not invoke the correct legal authority in the present motion. Plaintiffs move for post-judgment interest pursuant to A.R.S. § 44-1201(B), a state law providing that, unless specified in a statute or the parties' contract, "interest on any judgment shall be at the lesser of ten per cent per annum or at a rate per annum that is equal to one per cent plus the prime rate as published by the board of governors of the federal reserve system[.]" Plaintiffs argue that, because the "current applicable rate is 4.25% . . . [i]t would be unjust not to include post-judgment interest since Arizona law clearly provides for such." (Doc. 24 at 2.) However, "[i]n federal diversity actions, Arizona law generally determines the rate of prejudgment interest but post-judgment interest is governed by federal law." *Thompson v. StreetSmarts, Inc.*, No. CV-10-1885-PHX-LOA, 2011 WL 2600744, at *13 (D. Ariz. June 30, 2011). *See also AT&T Co. v. United Computer Sys., Inc.*, 98 F.3d 1206, 1209 (9th Cir. 1996) ("In diversity actions, state law determines the rate of prejudgment interest, and postjudgment interest is governed by federal law.").[4] Plaintiffs assert that diversity jurisdiction exists in this case. (Doc. 1 at 2; Doc. 17.) They therefore should have requested post-judgment interest under federal, rather than state, law.

Despite these issues, an award of post-judgment interest in civil cases is automatic upon the award of a money judgment under federal law. Pursuant to Section 1961(a), "[i]nterest *shall* be allowed on any money judgment in a civil case recovered in a district

---

[4] The pending motion does not request pre-judgment interest, and accordingly the Court will not address it. (Doc. 24.)

- 3 -

court." 28 U.S.C. § 1961(a) (emphasis added). "[E]ven when a money judgment does not explicitly contain a post-judgment interest award, such an award, at the rate specified in the statute, is granted." *Strategic Diversity, Inc. v. Alchemix Corp.*, No. CV-07-929-PHX-GMS, 2014 WL 12643318, at *1 (D. Ariz. Aug. 15, 2014). Accordingly, "it was not necessary to include an explicit post-judgment interest award in the judgment, and its absence will not harm Plaintiff." *Id. See also Barnard v. Theobald*, 721 F.3d 1069, 1078 (9th Cir. 2013) ("Under 28 U.S.C. § 1961, the award of post judgment interest on a district court judgment is mandatory.").

Upon Plaintiffs' request, and seeing no opposition from Defendants, the Court will grant Plaintiffs' motion to the extent that the judgment will be amended to specify an award of post-judgment interest at the applicable federal rate, to be calculated from the date of the Court's original January 8, 2021 judgment. (Doc. 23.) *See* 28 U.S.C. § 1961(a) (post-judgment interest is calculated "from the date of the entry of judgment"); *United States v. Hougham*, 301 F.2d 133, 135 (9th Cir. 1962) ("[P]ost-judgment interest should be calculated from the date of the entry of the judgment in which the money damages, upon which interest is to be computed, were in fact awarded.").

**IV.**

Accordingly,

**IT IS ORDERED** that Plaintiffs' Motion to Amend Default Judgment Re: Post-Judgement Interest (Doc. 24) is granted to the extent that the Court's prior Order and Judgment (Docs. 22, 23) are amended to include an award of post-judgment interest pursuant to 28 U.S.C. § 1961.

**IT IS FURTHER ORDERED** awarding Plaintiffs post-judgment interest at the federal statutory rate pursuant to 28 U.S.C. § 1961, effective January 8, 2021.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to enter an amended judgment accordingly. This matter shall remain closed.

/ /

/ /

1 | Dated this 20th day of April, 2021.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge